**GRAVITT v. SHELL OIL CO., Inc., et al.**

No. 352 Civil.

District Court, W. D. Oklahoma.

Jan. 30, 1941.

Claud Briggs and John Morrison, both of Oklahoma City, Okl., for plaintiff.

Paxton Howard, Ralph J. May, and C. L. Stinnett, all of Tulsa, Okl., for defendants.

VAUGHT, District Judge.

This is an action to set aside and declare null and void a final order rendered by the State Industrial Commission in a contested compensation case.

The petition alleges in substance that prior to June 30, 1936, Miles C. Gravitt was an employee of the Shell Oil Com-pany, and that the occupation in which he was engaged was covered by the Workmen's Compensation Law of Oklahoma, 85 Okl.St.Ann. § 1 et seq.

March 27, 1936, Gravitt was accidentally injured and filed his claim before the Industrial Commission. A hearing was had and evidence was presented. In the meantime, Gravitt continued to work, and on June 30, 1936, he sustained a second injury, which the petition alleges rendered him permanently and totally disabled.

It is further alleged that Gravitt became mentally incompetent on December 20, 1936. On March 28, 1938, he was confined to the asylum for the insane at Vinita, Oklahoma, where he remained until July 28, 1938, when he was discharged. On November 18, 1938, Gravitt filed a claim for compensation with the State Industrial Commission for the injury of June 30, 1936, or the second injury.

The defendant company denied liability and pleaded that theretofore a hearing had been had upon the joint petition of the employer and employee, and that the order then rendered is a bar to later proceedings.

As stated in the petition, the first accident occurred on March 27, 1936, and the second accident occurred on June 30, 1936. On the 23rd of February, 1937, a joint petition was filed before the State Industrial Commission, signed by "M. C. Gravitt, Claimant", "A. J. Wildman, Attorney for Claimant", and "Shell Petroleum Corporation, by C. L. Stinnett, Attorney". This joint petition set out the facts in the case and recited that the parties had agreed upon a lump sum settlement of $3,500 in full, final and complete satisfaction of any and all disability of every nature then existing or which might thereafter result from said accidental injury, and the joint petition referred to the Commission all medical reports of Dr. N. Stuart White and Dr. Joseph Fulcher of Tulsa, Dr. C. H. Guild of Shidler, Dr. LeRoy Long, Dr. Anson L. Clark and Dr. Earl D. McBride, all of Oklahoma City. Dr. Guild was the family physician of Gravitt. This joint petition was approved by two members of the Industrial Commission and on the same date a final order was entered and the sum of $3,500 was paid to Gravitt.

The present action was filed on the 14th day of November, 1939, or approximately two and one-half years after this final settlement. The petition in this court

asks that this court vacate and set aside the final order of the settlement of the Industrial Commission and refer the case back to the Industrial Commission for further consideration.

Federal courts, even as courts of equity, should approach the vacation of a judgment by state courts with great caution. The general rule is that a Federal District Court cannot review a judgment of a state court.

The court has examined the authorities submitted by both sides with great care and has reached the conclusion that if the petition on its face showed that the joint petition was filed through fraud and that the order under said joint petition was secured through the fraud of the defendant, then this court might have jurisdiction to review the final order of the Industrial Commission, as an equitable proceeding, but in the absence of a clear case of fraud and since the allegations of the petition, taken in connection with the transcript of the testimony that was presented to the Industrial Commission and made a part of the petition in this court, do not bring the case within the exception mentioned, this court has no jurisdiction to review said order of the Industrial Commission.

The motion to dismiss is sustained and an exception is allowed.